IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JET SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | No. 24-1166 C<br>Judge Robin M. Meriweather |

## DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

|  |  |
|---|---|
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>SCOTT BOLDEN<br>Director<br><br>CARRIE E. ROSATO<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>Washington, DC 20530 |
| Of Counsel:<br>PHILIP CHARLES STERNHELL<br>U.S. Department of Justice<br><br>Dated: December 9, 2024 | *Counsel for the United States of America* |

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | QUESTIONS PRESENTED | 1 |
| II. | STATEMENT OF THE CASE | 1 |
| | A. Introduction | 1 |
| | B. Relevant Legal Standards | 3 |
| |     1. A plaintiff bears the burden of proving standing, including legal title to the copyright. | 3 |
| |     2. Claims must be more than threadbare recitals to survive dismissal. | 5 |
| | C. Plaintiff's Complaint | 7 |
| III. | ARGUMENT | 8 |
| | A. JET's FAC fails to establish that JET Systems, LLC is a legal entity with standing to bring a lawsuit and ownership of the asserted copyright | 9 |
| | B. Direct copyright infringement is not plead with sufficient particularity | 11 |

# TABLE OF AUTHORITIES

Cases

*3rd Eye Surveillance, L.L.C. v. United States*,
   126 Fed. Cl. 266 (2016) ................................................................................................ 7, 13

*Amos v. United States*,
   No. 16-1094C, 2017 U.S. Claims LEXIS 189 (Fed. Cl. Mar. 10, 2017) .................................. 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. passim

*Atl. Mill & Lumber Realty Co. v. Keefer*,
   20 A.2d 178 (1941) ............................................................................................................ 5

*Bot M8 L.L.C. v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ............................................................................................. 6

*Boyle v. United States*,
   200 F.3d 1369 (Fed. Cir. 2000) .......................................................................................... 3

*Bruhn Newtech v. United States,*
   129 Fed. Cl. 656 (2016) ................................................................................................ 4, 11

*Cambridge v. United States*,
   558 F.3d 1331 (Fed. Cir. 2009) .......................................................................................... 5

*Diversified Grp., Inc. v. United States*,
   123 Fed. Cl. 442 (2015) ................................................................................................ 2, 10

*Driessen v. United States*,
   116 Fed. Cl. 33 (2014) ................................................................................................. 4, 10

*Gould, Inc. v. A & M Battery & Tire Serv.*,
   No. 3 CV-91-1714, 1996 U.S. Dist. LEXIS 12160 (M.D. Pa. Apr. 17, 1996) ..................... 5, 10

*Indian Harbor Ins. Co. v. United States*,
   704 F.3d 949 (Fed. Cir. 2013) ....................................................................................... 6, 13

*Iris Corp. Berhad v. United States*,
   82 Fed. Cl. 488 (2008) .................................................................................................. 4, 9

*Irwin Cnty. v. United States*,
   170 Fed. Cl. 355 (2024) ................................................................................................ 6, 13

*JG Techs., L.L.C. v. United States*,
   156 Fed. Cl. 691 (2021) ................................................................................................ 6, 13

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007) .......................................................................................... 6

*Mynette Techs., Inc. v. United States*,
   139 Fed. Cl. 336 (2018) ................................................................................................. 4, 9

*NeuroGrafix v. United States*,
   111 Fed. Cl. 501 (2013) ................................................................................................ 4, 9

*Parkside Terrace Apts., Inc. v. Lindner*,
   249 A.2d 717 (1969) ......................................................................................................... 5

*Power Density Sols. L.L.C. v. United States*,
   159 Fed. Cl. 208 (2022) .................................................................................................... 6

*Reynolds v. Army & Air Force Exch. Serv.*,
   846 F.2d 746 (Fed. Cir. 1988) .......................................................................................... 4

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016) .......................................................................................................... 5

*United States v. King*,
   395 U.S. 1 (1969) .............................................................................................................. 3

*United States v. Sherwood*,
   312 U.S. 584 (1941) .......................................................................................................... 3

*Zaccari v. United States*,
   142 Fed. Cl. 456 (2019) .................................................................................................... 3

<u>Statutes</u>

28 U.S.C. § 1498(b) ................................................................................... 3, 4, 10, 12, 13

Md. Code Ann., Corps. & Ass'ns § 4A-908...……………………………………….4, 5, 10

<u>Rules</u>

RCFC 12(b) ............................................................................................................. passim

RCFC 12(e) ................................................................................................................ 6, 13

RCFC 15 ...................................................................................................................... 7, 8

**I.       QUESTIONS PRESENTED**

1. Whether Plaintiff, a dissolved Maryland Limited Liability Corporation, has standing to bring a copyright infringement claim?

2. Whether JET sufficiently plead unauthorized copying or use by the Government?

**II.      STATEMENT OF THE CASE**

    **A.       Introduction**

The Department of the Navy ("Navy") received for evaluation Plaintiff JET Systems, LLC's ("JET") Adaptive Layer Framework ("ALF") software. After that evaluation, the Navy determined the ALF software was missing important components and did not perform as described so the software was rejected. The ALF software was returned and JET received no payment, in accordance with the relevant contract provisions. This copyright infringement suit followed.

JET delivered the ALF software to Navy Program Management office AIR-209 ("PMA-209") at the Naval Air Systems Command pursuant to a purchase order ("PO") between JET and J.F. Taylor, Inc. ("JFTI"), a Navy contractor. Dkt. 1-4. JFTI's Vendor Terms and Conditions gave the Navy "the right to inspect or test any supplies or services that have been tendered for acceptance." Dkt. 1-6 at 2. Payment would only be made "for items accepted by the buyer." *Id.* at 4. JET acknowledges that JFTI's Vendor Terms and Conditions applied to the PO between JET and JFTI. Dkt. 15 at ¶ 14. JET provided the ALF software to PMA-209 in several deliveries. *See* Dkt. 1-7. After testing by the PMA-209 Multi-Use Laboratory Environment ("MULE"), a Letter of Concern was provided to JET describing issues the MULE identified with the ALF software. Dkt. 1-10. JFTI also notified JET that "JET's delivery [wa]s missing major

1

components and d[id] not constitute the required baseline software framework." Dkt. 1-11; *see also* Ex. 1 (Show Cause Notice)[1].

When JET failed to repair or replace the nonconforming supplies, as allowed by JFTI's Vendor Terms and Conditions, Dkt. 1-6 at 2, JFTI notified JET that the PO was "terminated for cause pursuant to section 13 of the Standard Terms and Conditions" as "a result of JET's failure to perform and breaches of warranty as addressed in [JFTI's] prior communications." Dkt. 1-12. After rejecting JET's software delivery, PMA-209 returned its "authorized copy" to JFTI, the party in privity with JET, and JFTI returned that "authorized copy" to JET "[o]n or about February 27, 2023." Dkt. 15 at ¶¶ 37, 29; *see also* Ex. 2 at 9 (*JET Systems, LLC v. J.F. Taylor, Inc.*, 24-cv-01628-DKC, Dkt. 19) ("DMD FAC") (acknowledging delivery of CDs from JFTI to JET); Ex. 3 (Exhibit 6 to DMD FAC) (showing pictures of the delivery received by JET).

On June 5, 2024, after JFTI declined payment to JET for the rejected ALF software, JET sued JFTI in the District of Maryland asserting five claims including copyright infringement of Copyright Registration No. TX 9-384-065 (the "Copyright"). Dkt. 15 at 7 n.1; *see also JET Systems, LLC v. J.F. Taylor, Inc.*, Case No. 24-cv-01628-DKC (complaint filed June 5, 2024, DMD FAC filed Aug. 21, 2024 (Ex. 2)). JET filed its complaint against the Government in this Court on July 31, 2024, asserting claims of direct, contributory, and vicarious infringement of the Copyright pursuant to 28 U.S.C. § 1498(b).[2] Dkt. 1. JET subsequently filed a first amended

---

[1] JFTI also sent JET a Show of Cause Notice describing the issues JET needed address to cure the delivery. Ex. 1. The Government requests the Court take judicial notice of documents filed in *JET Systems, LLC v. J.F. Taylor, Inc.*, Case No. 24-cv-01628-DKC in the United States District Court for the District of Maryland, pursuant to Federal Rule of Evidence 201. These documents are included with the Government's brief as Exhibits 1, 2, 3, and 8. "Judicial notice of public records is appropriate when considering a motion to dismiss." *Diversified Grp., Inc. v. United States*, 123 Fed. Cl. 442, 452 n.7 (2015) (collecting cases).

[2] JET's initial complaint also asserted its claim arose under the Copyright Act, 17 U.S.C. § 501. Dkt. 1 at 2, 10.

2

complaint ("FAC") on November 26, 2024.³  Dkt. 15.  In addition to the lawsuits against JFTI and the Government, JET also brought administrative claims under the Contract Disputes Act of 1978, as amended, 41 U.S.C. §§ 7101–7109, and tortious conversion in violation of the Federal Tort Claims Act, 28 U.S.C. § 1346.  *Id.* at 7 n.1.

    **B.**    **Relevant Legal Standards**

        1.    <u>A plaintiff bears the burden of proving standing, including legal title to the copyright.</u>

The United States "as sovereign, is immune from suit save as it consents to be sued[.]" *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  A waiver to sovereign immunity is to be "strictly construed in favor of the government." *Amos v. United States*, No. 16-1094C, 2017 U.S. Claims LEXIS 189, at *4 (Fed. Cl. Mar. 10, 2017).

Section 1498(b) provides such a waiver for copyright infringement claims against the Government, "the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims for the recovery of his reasonable and entire compensation as damages for such infringement, including the minimum statutory damages[.]"  The Government's sovereign immunity has been waived "to suits for copyright infringement only when it infringes a copyright itself or authorizes or consents to infringement by a third party acting for it." *Boyle v. United States*, 200 F.3d 1369, 1373 (Fed. Cir. 2000).

---

³ JET's FAC removed the allegations of contributory and vicarious copyright infringement but maintained a count of direct copyright infringement against the Government. *Compare* Dkt. 15 *with* Dkt. 1.  The FAC also requests reasonable and entire compensation under § 1498(b) instead of actual damages under 17 U.S.C. § 504, as requested in the original complaint. *Id.*  The FAC maintains a request for declaratory and injunctive relief, Dkt. 15 at 12, even though equitable relief is not available in a § 1498(b) action. *See United States v. King*, 395 U.S. 1, 2–3 (1969); *see also Zaccari v. United States*, 142 Fed. Cl. 456, 459 (2019) (dismissing claim for injunctive relief in a § 1498(b) case due to lack of jurisdiction).

3

Standing is a jurisdictional prerequisite. *See NeuroGrafix v. United States*, 111 Fed. Cl. 501, 504 (2013) (discussing standing for 28 U.S.C. § 1498(a)). Section 1498(b), by its express language, waives sovereign immunity only for "an action by the copyright owner." 28 U.S.C. § 1498(b). Ownership is thus a threshold issue that must be established for an action to proceed. *Driessen v. United States*, 116 Fed. Cl. 33, 43 (2014) ("copyright ownership [is a] threshold issue[] for jurisdiction in copyright actions in this court"). Where a plaintiff cannot show ownership, the action against the Government must be dismissed. *See, e.g., Bruhn Newtech v. United States,* 129 Fed. Cl. 656, 669 (2016) (dismissing a copyright infringement claim where plaintiff was not the author of the work and did not own an exclusive right under the copyright).

Challenges to a court's subject matter jurisdiction, including a party's lack of standing, are brought under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See* Fed. R. Civ. P., Rules and Comment., Rule 12 (Feb. 2020 Update). "In considering a motion for dismissal under RCFC 12(b)(1) for lack of subject matter jurisdiction, the court normally considers the facts alleged in the complaint to be true and correct, but may also consider relevant evidence in order to resolve any factual dispute." *Iris Corp. Berhad v. United States*, 82 Fed. Cl. 488, 495 (2008) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). For a plaintiff to meets its burden at the pleading stage, the complaint must "clearly and specifically set forth facts sufficient to satisfy the standing requirements." *Mynette Techs., Inc. v. United States*, 139 Fed. Cl. 336, 342 (2018) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 330 (2016)). Failure to do so warrants dismissal.

A terminated Maryland LLC does not have standing to sue. Under Maryland Code, a "limited liability company is terminated on the later of: (1) The date on which the Department accepts for record the articles of cancellation filed pursuant to § 4A-909 of this subtitle; or (2)

4

The effective date of the articles of cancellation." Md. Code Ann., Corps. & Ass'ns § 4A-908. An LLC continues to exist after articles of cancellation are effective for limited purposes, such as "paying, satisfying, and discharging any existing debts or obligations, collecting and distributing its assets, and doing all other acts required to liquidate and wind up its business and affairs." *Id.* Nevertheless, "under the law of Maryland, after a corporation has become effectively dissolved in any mode known to the law, its power to sue or be sued, either in actions in personam or in rem, in its corporate name is extinguished." *Gould, Inc. v. A & M Battery & Tire Serv.*, No. 3 CV-91-1714, 1996 U.S. Dist. LEXIS 12160, at *27 (M.D. Pa. Apr. 17, 1996) (citing *Atl. Mill & Lumber Realty Co. v. Keefer*, 20 A.2d 178, 180 (1941); *Parkside Terrace Apts., Inc. v. Lindner*, 249 A.2d 717 (1969)). Thus, under Maryland law, a dissolved LLC does not have the power to sue in its corporate name.

2.  Claims must be more than threadbare recitals to survive dismissal.

Under RCFC 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "In ruling on a 12(b)(6) motion to dismiss, the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Additionally, "[a] complaint must be dismissed under Rule 12(b)(6) when the facts asserted do not give rise to a legal remedy." *Indian Harbor Ins. Co. v. United States*, 704 F.3d 949, 954 (Fed. Cir. 2013) (citation omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to overcome a motion to dismiss. *Iqbal*, 556 U.S. at 678. A plaintiff's "hope that discovery will reveal the evidence they need to support their claim," is insufficient as that would make discovery "little more than a fishing expedition, which the Court cannot allow." *Irwin Cnty. v. United States*, 170 Fed. Cl. 355, 373 (2024) (granting motion to dismiss where "[p]laintiffs' complaint lack[ed] allegations with plausible factual support sufficient to plead" the claims). "Bare allegations of secret use devoid of supporting facts" fail to "provide Defendant 'notice as to what it must defend.'" *JG Techs., L.L.C. v. United States*, 156 Fed. Cl. 691, 705, 712 (2021) (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)); *see also Power Density Sols. L.L.C. v. United States*, 159 Fed. Cl. 208, 218 (2022) (explaining "a complaint must be facially plausible and must place the alleged infringer on notice of what activity is being accused of infringement") (quoting *Bot M8 L.L.C. v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021)).

In the alternative to dismissal under RCFC 12(b)(6), RCFC 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Such a motion must be filed prior to a responsive pleading and "point out the defects complained of and the details desired." *Id.* This Court has granted a motion for a more definite statement when the Government "could not reasonably respond to plaintiffs' complaint" because it failed to "provide details of the allegedly infringing activity beyond a representative list" of "third-party consultants and contractors to the government," among other issues. *3rd Eye Surveillance, L.L.C. v. United States*, 126 Fed. Cl. 266, 269 (2016).

### C. Plaintiff's Complaint

This copyright infringement action was commenced by JET on July 31, 2024. Dkt. 1. The original complaint was amended November 26, 2024, one week before the Government's deadline to respond.[4] Dkt. 15. The United States is identified as the defendant acting through the U.S. Department of the Navy, Naval Air Systems Command. *Id.* at 1. The FAC alleges that JET Systems, LLC is "a Maryland limited liability company" with ownership of a registered copyright "in the software code for its proprietary Adaptive Layer Framework software (Registration Number TX 9-384-065)." *Id.* at ¶¶ 4, 28. The FAC does not address JET's legal status as an LLC registered in Maryland. *Id*.

JET asserts one count of copyright infringement based on the Government's alleged conduct. Dkt 15 at ¶¶ 42–54. This infringement claim does not provide specific details of the allegedly infringing activity. *Id*. Instead, the claim incorporates all the prior paragraphs of the FAC. *Id.* at ¶ 42.

Of the 54 paragraphs included in the FAC, there are three purported statements of "fact" that could be construed to include allegations related to copyright infringement by the Government. First, JET alleges that "the Government made unauthorized copies in violation of JET's registered copyright in the software constituting copyright infringement and conversion by the Government." *Id.* at ¶ 29. JET later asserts that JFTI allegedly "copied ALF software ostensibly under JFTI Prime Contract number N00421-22-9-0003." *Id.* at ¶ 33. JET further

---

[4] JET asserts the FAC was filed pursuant to RCFC 15(a)(1). Dkt. 15 at 1. However, RCFC 15(a)(1) only permits amending "once as a matter of course no later than: (A) 21 days after service of the pleading; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under RCFC 12(b), (e), or (f), whichever is earlier." RCFC 15 (a)(1)(A–B). Although JET filed its FAC after the time permitted by RCFC 15(a)(1)(A) and before RCFC 15(a)(1)(B) became operative, the Government will not move to strike the amended pleading.

claims "[t]he Government in collaboration with JFTI also made the software and its documentation available to other parties, including Precise Systems. Specifically, on information and belief, PMA-209 awarded Support Contract number N0042122R3013 to Secise/Precise around January 10, 2024." *Id.* at ¶ 34 (emphasis added). Importantly, the next paragraph claims that the referenced support contract with "Secise/Precise" was withdrawn. *Id.* at ¶ 35. Other than details about the MULE's testing of JET's software, no further details supporting alleged copyright infringement are included in the FAC. *See id.* at ¶¶ 31–32, 36.

JET's requested relief includes "[d]eclaratory and injunctive relief," "an award of reasonable and entire compensation" "[p]ursuant to 28 U.S.C. § 1498(b)," and "[a]ny further relief the Court finds appropriate and just." Dkt. 15 at 12.

On September 20, 2024, the Government sought a 60-day extension to respond to the original complaint, which was granted. Dkts. 10, 13. The deadline for the Government's response was December 2, 2024.[5] Dkt. 13. JET filed the FAC on November 24, 2024. Dkt. 15. Pursuant to RCFC 15(a)(3), the Government's deadline to respond is December 9, 2024.

### III. ARGUMENT

There are several flaws with JET's FAC that warrant dismissal. First, according to the Maryland Department of Assessments and Taxation, JET Systems, LLC is no longer in good standing because the LLC was dissolved. As a dissolved Maryland LLC, JET's FAC fails to establish the power to bring suit. Further, the FAC fails to demonstrate JET held legal title to the Copyright at the time suit was filed. These flaws warrant dismissal for lack of standing under

---

[5] The Court ordered the Government to answer by November 29, 2024. Dkt. 13. However, pursuant to the Court's General Order No. 2024-03, the Court was closed November 29, 2024, and "[f]or purposes of computation of time under Rule 6 of the Rules of the United States Court of Federal Claims ("RCFC"), November 29, 2024, shall be treated in the same manner as a legal holiday."

RCFC 12(b)(1). Additionally, the FAC fails to allege unauthorized use by the Government or an authorized third party with sufficient particularity to put the Government on notice as to what it must defend. Accordingly, JET's FAC fails to state a claim upon which relief can be granted and this action should be dismissed pursuant to RCFC 12(b)(6).

  **A. JET's FAC fails to establish that JET Systems, LLC is a legal entity with standing to bring a lawsuit and ownership of the asserted copyright.**

JET Systems, LLC is, according to the State of Maryland, not a Maryland LLC in good standing. While the FAC appears to plead JET's standing, the Court should consider not just the facts alleged in the FAC but also evidence relevant to JET's legal status. *IRIS Corp. Berhad*, 82 Fed. Cl. at 495. According to the Maryland Department of Assessments and Taxation, JET is a terminated or dissolved LLC, meaning JET is no longer a legal entity with standing to bring suit. Further, as a dissolved LLC, JET does not provide sufficient facts alleging that a dissolved LLC can maintain ownership of a copyright. JET fails to clearly and specifically set forth facts sufficient to satisfy the standing requirements and thus, the FAC should be dismissed. *Mynette Techs., Inc.*, 139 Fed. Cl. at 342.

Standing is a jurisdictional prerequisite and as a terminated Maryland LLC, JET does not meet its burden to establish standing. *NeuroGrafix*, 111 Fed. Cl. at 504. The FAC claims that the named plaintiff, JET Systems, LLC, is "a Maryland limited liability company" with ownership of a registered copyright in "in the software code for its proprietary Adaptive Layer Framework software (Registration Number TX 9-384-065)." Dkt. 15 at ¶¶ 4, 28. However, according to the Maryland Department of Assessments and Taxation, JET Systems, LLC was dissolved after filing Articles of Cancellation on March 25, 2024. Ex. 4 (Articles of Cancellation); *see also* Ex. 5 (Md. Dept. of Assessments and Tax'n website showing status of JET Systems, LLC as of

the date of filing).⁶ The Articles of Cancellation state an effective date of April 20, 2024, several months before this action was commenced on July 31, 2024.⁷ Ex. 4; *see also* Dkt. 1. Maryland Code permits dissolved LLCs to perform certain activities to wind up their affairs. Md. Code Ann., Corps. & Ass'ns § 4A-908. However, "after a corporation has become effectively dissolved . . . , its power to sue or be sued . . . in its corporate name is extinguished." *Gould, Inc.*, 1996 U.S. Dist. LEXIS at *27. JET's FAC fails to inform the Court of its legal status and thus, fails to set forth facts sufficient to meet its burden of establishing standing to bring suit, warranting dismissal pursuant to RCFC 12(b)(1).

JET's FAC also fails to set forth sufficient facts demonstrating legal title to the Copyright at the inception of this lawsuit. The Government has only waived sovereign immunity under § 1498(b) for actions brought "by the copyright owner" and this waiver must be "strictly construed in favor of the government." *Amos*, 2017 U.S. Claims LEXIS 189, at *4. JET's ownership of the Copyright is a threshold issue JET must establish to proceed. *Driessen*, 116 Fed. Cl. at 43. The FAC fails to explain whether a dissolved Maryland LLC can maintain

---

⁶ Pursuant to Federal Rule of Evidence 201, the Government requests the Court take judicial notice of Ex. 4, the Articles of Cancellation filed by JET Systems, LLC with the Maryland Department of Assessments and Taxation, and Ex. 5, the screen shot of the Department of Assessments and Taxation website taken December 9, 2024 at 9:09 AM EST, showing the status of JET Systems, LLC on the date of this motion's filing. "Judicial notice of public records is appropriate when considering a motion to dismiss." *Diversified Grp., Inc.*, 123 Fed. Cl. at 452 n.7.

⁷ On November 5, 2024, the Government sent correspondence to JET notifying it of several issues with the original complaint, including that the Maryland Department of Assessments and Taxation listed JET System, LLC as a dissolved entity. Ex. 6 at 3. JET did not respond to the Government until the day the FAC was filed, stating only that "[T]he cancellation of Jet Systems, LLC's registration with Maryland is a clerical error and is being corrected." Ex. 7. JET provided no evidence supporting its claim of a clerical error and at the time of this filing, the Maryland Department of Assessments and Taxation still lists JET Systems, LLC as a dissolved entity.

ownership of a copyright. JET's failure to establish ownership of the Copyright at the time the suit was filed requires dismissal. *See, e.g., Bruhn Newtech, Inc.*, 129 Fed. Cl. at 669.

### B. Direct copyright infringement is not plead with sufficient particularity.

The FAC is a "threadbare recital" of the elements of a claim for direct copyright infringement and can also be dismissed pursuant to RCFC 12(b)(6). JET's claim provides only a conclusory statement of the elements of direct copyright infringement with a discussion of cases analyzing damages in copyright actions between private parties. Dkt. 15. at ¶¶ 42–54. JET does not specify what facts it relies on to establish copyright infringement by the Government; instead, the claim adopts all the prior paragraphs in the FAC. *Id.* at ¶ 42. Even accepting the alleged "facts" incorporated into the copyright infringement claim as true, JET fails to provide supporting facts sufficient to plead unauthorized use or copying of the asserted Copyright by or on behalf of the Government.

The only "facts" related to the Government's copying or use of the ALF software that are pleaded with particularity describe authorized activity. JET concedes JFTI's Vendor Terms and Conditions applied to the PO. Dkt. 15 at ¶ 14, Dkt. 1-6 at 2; Ex. 2 at ¶ 16. Under those Terms and Conditions, the Government was permitted to test or evaluate the ALF software. Dkt. 1-6 at ¶ 1 (Inspection/Acceptance). And the specific facts alleged by JET relate to the MULE's testing of JET's software. Dkt. 15 at ¶¶ 20–27, 36–38. This authorized testing does not support a claim under § 1498(b) upon which relief can be granted. *Iqbal*, 556 U.S. at 679.

If JET is alleging Government copying or use unrelated to the authorized testing activities, JET fails to provide plausible factual support putting the Government on notice of what constitutes the allegedly infringing activity, who it was performed by, and when and where it occurred. JET alleges that the Government collaborated with JFTI to make JET's ALF "software and its documentation available to other parties, including Precise Systems." Dkt. 15

at ¶ 33. But JET fails to identify when these allegedly infringing actions occurred and provides no facts demonstrating that they occurred outside of the authorized testing activities. Additionally, the FAC and the Copyright registration only provide the title of the copyrighted material, "Adaptive Layer Framework," with no information as to the substance of the protected work. Ex. 8 at 37–90.[8] (Copyright registration and deposit). But the material deposited with the Copyright registration appears to be computer code, Ex. 8 at 39–90, thus, JET has not demonstrated copyright protection in the software "documentation." Therefore, JET does not state a facially plausible claim for copyright infringement based on unauthorized acts by the Government not related to the authorized testing. *Iqbal*, 556 U.S. at 679.

If JET is alleging the Government is liable for acts of its contractors, it similarly fails to do so with sufficient particularity. The Government is only liable for infringing acts by a contractor if the contractor acted "with the authorization or consent of the Government." § 1498(b). The FAC provides no supporting facts that JFTI, Precise Systems, or "Precise/Secise," the only contractors JET names, were acting with the Government's authorization and consent. *See* Dkt. 15 at ¶¶ 33–34. Importantly, by JET's own allegations, the referenced support contract with "Secise/Precise" was withdrawn and JET makes no allegation any work was actually performed. *Id.* at ¶ 35. Nor does JET explain whether Precise Systems and "Secise/Precise" are the same or related entities. Additionally, JET fails to explain when the contractors' allegedly infringing conduct occurred. Any use or copying that might have been authorized by the Government related to testing activities was permitted under the Vendor Terms and Conditions of the PO. Dkt. 15 at ¶ 14, Dkt. 1-6 at 2; Ex. 2 at ¶ 16. Finally, JET's allegation that the ALF software was made available to "other parties," not only fails to put the

---

[8] Page numbers refer to PDF pages.

Government on notice of what the infringing activity was or when it occurred, but it fails to even provide the names of the "other parties." Dkt. 15 at 34. These allegations cannot be sufficient to overcome a motion to dismiss. *Iqbal*, 556 U.S. at 678.

The FAC amounts to little more than "bare allegations of secret use devoid of supporting facts" and fails to provide the Government "notice as to what it must defend." *JG Techs., L.L.C.*, 156 Fed. Cl. at 705, 712. A large portion of the FAC addresses JET's contractual relationship with JFTI and the circumstances surrounding JFTI's refusal to pay JET after the Navy rejected the ALF software. *See* Dkt. 15 at ¶¶ 10–27, 36–40. The minimal allegations that may be relevant to a claim of copyright infringement are not pleaded with plausible factual support. *Indian Harbor Ins. Co.*, 704 F.3d at 954. JET appears to "hope that discovery will reveal the evidence they need to support their claim," which is insufficient to overcome a motion to dismiss because that would make discovery "little more than a fishing expedition, which the Court cannot allow." *Irwin Cnty.*, 170 Fed. Cl. at 373. If the Court finds JET has standing to bring its claim, the FAC should still be dismissed pursuant to RCFC 12(b)(6) for failure to state a plausible claim.

If the Court disagrees that the FAC should be dismissed pursuant to RCFC 12(b)(6), the Government moves for a more definite statement under RCFC 12(e). JET should be ordered to provide factual allegations beyond a "representative list" of "third-party . . . contractors to the [G]overnment." *3rd Eye Surveillance, L.L.C.*, 126 Fed. Cl. at 269. To maintain a claim for direct copyright infringement under § 1498(b), JET should be ordered to provide: 1) details of any alleged unauthorized copying or use of the ALF software by the Government, 2) the names of any third parties that copied or used the copyrighted software at the Government's direction,

3) details of those third party's copying or use of the ALF software, and 4) evidence that such third parties acted with the Government's authorization and consent.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this civil action be dismissed with prejudice under RCFC 12(b)(1) for lack or standing or under RCFC 12(b)(6) for failure to state a claim. In the alternative, the Government requests that JET be ordered to provide a more definite statement under RCFC 12(e).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

SCOTT BOLDEN
Director

Of Counsel:

PHILIP CHARLES STERNHELL
Department of Justice

December 9, 2024

 s/ *Carrie Rosato*
CARRIE ROSATO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email: carrie.e.rosato@usdoj.gov
Telephone: (202) 307-0415
Facsimile: (202) 307-0345

*Counsel for the United States*