# Exhibit 6



**U.S. Department of Justice**
Civil Division
Commercial Litigation Branch

CER
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

*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*

*Direct Line: (202) 307-0415*
*Carrie.E.Rosato@usdoj.gov*

November 5, 2024

**VIA E-MAIL rtoikka@wtk-law.com**

Richard S. Toikka
WILT TOIKKA KRAFT, LLP
1629 K Street, NW
Suite 300
Washington, D.C. 20006

      RE:    *JET Systems, LLC v. United States*,
             United States Court of Federal Claims No. 24-1166C

Dear Mr. Toikka,

      We write regarding the referenced suit, filed against the United States on July 31, 2024 by Plaintiff JET Systems, LLC ("JET"). After an initial review of JET's complaint, we note the inclusion of claims and remedies that are not available in the Court of Federal Claims. Additionally, JET's complaint as drafted fails to sufficiently plead a claim for direct copyright infringement against the United States. To avoid burdening the court with unnecessary motion practice, we respectfully request that JET amend its complaint to correct each of the issues detailed below, or state JET's intent to do so, no later than November 15, 2024.

      Counts II and III of JET's complaint are not cognizable and must be omitted from the complaint. The Court of Federal Claims does not have jurisdiction over claims of secondary copyright infringement. *See Cohen v. United States*, 98 Fed. Cl. 156, 170–71 (2011) ("The government has not waived its sovereign immunity for secondary liability based on infringement by unauthorized and independent third parties."); *Boyle v. United States*, 44 Fed. Cl. 60, 63 (1999) (explaining "the Government is not liable for its inducing infringement by others [or] for its conduct contributory to infringement of others") (quoting *Decca Ltd. v. United States*, 640 F.2d 1156, 1167 (1980)). Thus, the Court of Federal Claims does not have jurisdiction over the claims of contributory or vicarious infringement alleged in Counts II and III of JET's complaint and they should be removed from the complaint.

Additionally, JET's requested relief is not available in the Court of Federal Claims and should be omitted from the complaint. Relief under 17 U.S.C. § 504 is not available in the Court of Federal Claims because 28 U.S.C. § 1498(b) is the "exclusive action" for allegations of copyright infringement against the Government. § 1498(b). Further, for claims of copyright infringement brought under § 1498(b), the only relief the Court of Federal Claims can award is "reasonable and entire compensation," the Court does not have jurisdiction to award equitable relief. *Id.*; *United States v. King*, 395 U.S. 1, 2–3 (1969) (explaining the jurisdiction of the Court of Claims, predecessor of the Court of Federal Claims, is "limited to money claims against the United States Government"); *see also Zaccari v. United States*, 142 Fed. Cl. 456, 459 (2019) (dismissing claim for injunctive relief in a § 1498(b) case due to lack of jurisdiction). The requested relief in JET's complaint is not available and should be amended to seek relief available pursuant to § 1498(b).

Count I of JET's complaint fails to state a claim that the Government directly infringed Copyright Registration No. TX 9-384-065 because the Government was permitted to test JET's product. Count I does not include specific factual allegations of infringement, instead incorporating the allegations contained in the fact section of the complaint. The fact section asserts that the PMA-209 Multi-Use Laboratory Environment ("MULE") "successfully built the JET delivered ALF software in VxWorks," and thus, "necessarily copied the ALF software." ECF 1 at 7–8. But this alleged copying occurred while JET's product was tested by the MULE as permitted by J.F. Taylor's standard Vendor Terms and Conditions, ECF 1-6 at 2 (Inspection /Acceptance), which JET agrees applied to the contract between J.F. Taylor and JET. *JET Systems, LLC v. J.F. Taylor, Inc.*, 24-cv-1628-DKC, ECF 26 at 2 n.1, Therefore, Count I fails to state a claim based on allegations of use during the permitted testing period.

If JET is alleging infringement based on some other copying of the copyrighted material outside of the permitted testing, Count I of JET's complaint also fails to allege this with particularity. The complaint's fact section asserts that "[t]he Government in collaboration with JFTI also made the software and its documentation available to other parties, including Precise Systems." ECF 1 at 8. But these are "bare allegations" that fail to put the Government "on notice of what activity is being accused of infringement." *JG Techs., LLC v. United States*, 156 Fed. Cl. 691, 705 (2021); *Power Density Sols. LLC v. United States*, 159 Fed. Cl. 208, 218 (2022). The notice failure is particularly problematic since JET also alleges the contract with "Secise/Precise Systems," the only other "part[y]" specified in the allegations, was withdrawn. ECF 1 at 8. These allegations are insufficient to sustain a claim for direct copyright infringement against the Government.

To avoid unnecessary motion practice, we respectfully request that JET amend its complaint, or state JET's intent to do so, to correct the issues described above no later than

2

November 15, 2024. If necessary, we are available to meet and confer at your convenience regarding these issues or the case more generally.

Finally, we note that JET failed to file the corporate disclosure statement required by Rule 7.1 of the Rules of the United States Court of Federal Claims. In addition to being required by the Rules, the disclosure statement is especially important in this case because JET Systems, LLC filed Articles of Cancellation with the Maryland Department of Assessments and Taxation with an effective date of cancellation of April 20, 2024. Thus, it is unclear that JET Systems, LLC is able to bring a lawsuit after the dissolution of the LLC. *See Parkside Terrace Apartments, Inc. v. Lindner*, 249 A.2d 717, 718 (1969) ("After a corporation has become effectively dissolved in any mode known to the law, its power to sue or be sued . . . in its corporate name is extinguished.") (quoting *Atlantic Mill & Lumber Realty Co. v. Keefer*, 20 A.2d 178, 180 (1941)). We request that JET remedy this issue by November 8, 2024.

Very truly yours,

*Carrie Rosato*

CARRIE E. ROSATO
Trial Attorney
Commercial Litigation Branch