`IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____
JET SYSTEMS, LLC            )
                            )
    Plaintiff,              )
                            )   Case No. 24-1166 C
v.                          )
                            )
UNITED STATES OF AMERICA    )
                            )
    Defendant.              )
_____)

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

JET Systems, LLC,

By its attorneys

Richard S. Toikka, Counsel of Record

Russell O. Paige, Of Counsel

WILT TOIKKA KRAFT, LLP

1629 K Street, NW, Suite 300

Washington, DC 20006

Dated January 6, 2025

Plaintiff JET Systems, LLC ("JET"), pursuant to Rule 5.5(a)(3) of the Rules of the United States Court of Federal Claims ("RCFC")[1], and by and through its undersigned counsel, brings this Memorandum in Opposition to Defendant's Motion to Dismiss, or, in the Alternative for a More Definite Statement, and in support thereof, states as follows:

I. **ARGUMENT**

In the Argument section of Defendant's Motion, Def. Mot. at 8-14, Defendant makes two arguments. First, it argues that Plaintiff lacks standing to sue and thus its Complaint should be dismissed under RCFC 12(b)(1) because it allegedly is a dissolved Maryland LLC. Def. Mot. at 8-11. Second, it argues that Plaintiff does not plead copyright infringement with sufficient particularity, warranting dismissal under RCFC 12(b)(6), or a more definite statement under RCFC 12(e). Def. Mot. at 11-14. Plaintiff responds to each of these arguments below.

**A.    JET Has Standing to Bring this Lawsuit and to Assert Copyright Ownership**

As explained in the accompanying Declaration by JET's CEO and Chief Engineer Scotty Jaster, attached as Exhibit A hereto, the erroneous and unauthorized cancellation submission by a third party with the Maryland State Department of Assessments & Taxation ("SDAT") on March 25, 2024, filed on April 20, 2024, has been voided and JET's status has been restored to what it was before the erroneous filing. Therefore, Plaintiff has standing to bring this lawsuit and assert its copyright ownership.

---

[1] As Plaintiff's Memorandum contains ten (10) pages or fewer, no Table of Contents nor Table of Authorities is required and thus none is provided.

**B.     JET Has Pleaded Copyright Infringement with Sufficient Particularity**

  **1.** Defendant Misstates and Omits Facts

As an initial matter, Defendant wrongly recites facts relating to JET's performance of the terms of Purchase Order 309975.

  a. Defendant Omits Facts Regarding the Terms of Purchase Order 309975

Defendant states

> JET delivered the ALF software to Navy Program Management office AIR-209 ("PMA-209") at the Naval Air Systems Command pursuant to a purchase order ("PO") between JET and J.F. Taylor, Inc. ("JFTI"), a Navy contractor. Dkt. 1-4.

Def. Mot. at 1. However, Defendant nowhere describes or defines "the ALF Software" that was included in the PO. From this omission depend most if not all of Defendant's allegations and defenses. Purchase Order 309975 clearly and unequivocally defines the entire scope of the PO as "Baseline ALF Software." ECF # 1-5.

  b. JET Did Not Deliver ALF Software to PMA-209 in Several Deliveries

Defendant states "JET provided the ALF software to PMA-209 in several deliveries. *See* Dkt.1-7." Def. Mot. at 1. This is false. Again, the ALF software that was the entire scope of PO 309975 was Baseline ALF Software. ECF # 1-5. Plaintiff delivered the entirety of Baseline ALF Software on or about September 9, 2022. As recited in both the original and the Amended Complaint, "[o]n or about September 9, 2022, after discussions with the Government, JET delivered a copy of its source code and documentation directly to the Government." FAC ¶ 20. This fact is not in dispute. Defendant's cite to Dkt.1-7 is misplaced and misleading. ECF # 1-7 comprises copies of signed receipts for delivery of software that was not included in PO 309975. As is made clear in FAC ¶ 20, on September 9, 2022, JET delivered directly to the Government the entirety of the Purchase Order

2

deliverables, *i.e.* a copy of its baseline ALF source code and documentation. *See* FAC ¶ 20. However, as recited in FAC ¶ 21, on September 22, 2022 PMA-209 accepted delivery of a DVD comprising ALF PowerPC 653 Supplemental Software, not the baseline ALF software that was the subject of PO 309975. *See id.*, ECF # 1-7. Similarly, on September 26, 2022, Kevin Pilkerton signed for receipt of a DVD comprising ALF PowerPC 653 Test Cases. *Id.* ALF PowerPC 653 Test Cases were also not part of the baseline ALF software that was the subject of PO 309975. Defendant's allegation that JET provided the ALF software to PMA-209 in several deliveries is false.

The fact that PO 309975 included only baseline ALF software is also not in dispute. In fact, the Government admits in its Letter of Concern that it "required J.F. Taylor, Inc., the Project Performer, to purchase *baseline Adaptive Layer Framework (ALF) Software*, with Government Purpose Rights, and deliver the software using DI-PSC-81488 as guidance." *See* ECF # 1-10 (italics added).

   c. Defendant Omits Facts Proving Copying by Defendant

Defendant states

> Of the 54 paragraphs included in the FAC, there are three purported statements of "fact" that could be construed to include allegations related to copyright infringement by the Government.

Def. Mot. at 7. To support this allegation, Defendant cites FAC ¶¶ 29, 33, and 34. However, Defendant omits and dismisses *inter alia* FAC ¶¶ 32 and 36, in which the Government admits copying of ALF software.

  **2.** Defendant Concedes that Copying is Pleaded with Particularity

Defendant states "[t]he only 'facts' related to the Government's copying or use of the ALF software that are pleaded with particularity describe authorized activity." Def. Mot.

3

at 11. Thus at a minimum, Defendant concedes that copying of ALF software is pleaded with particularity.

3. Defendant's Unauthorized Copying is Pleaded with Particularity

Defendant's defense to the claim of copyright infringement rests on its assertion that the Government was simply exercising its right under the Standard Terms and Conditions ("ST&C") to test or evaluate the ALF software. *Id.*

However, Defendant's rights – granted by JET – under the Standard Terms and Conditions were rendered null and void when JFTI breached the contract. *See, e.g., Christian v. Maternal-Fetal Med. Assocs. Of Md.*, No. 0013, Sept. Term, 2015 Court of Special Appeals of Maryland, 2017 Md. App. LEXIS 665, at *11 (Ct. Spec. App. July 3, 2017)(citing Maryland Civil Pattern Jury Instruction 9:25 for material breach: "[A] material breach by one party relieves the other party from the duty of performance."); *Glen Alden Corp. v. Duvall*, 240 Md. 405, 430 (1965) (citing 5A Corbin, Contracts, § 1237, pages 545-555 ("[w]hen one party … commits a very material breach, this fact may it itself discharge the other party from further duty under the contract.")).

Moreover, since Purchase Order 309975 – the contract at issue – clearly and unequivocally defines the entire scope of the PO as "Baseline ALF Software," Plaintiff JET satisfied its obligations under the contract when it delivered Baseline ALF Software directly to PMA-209 on or about September 9, 2022. FAC ¶ 20. The breach was intentional, unilateral, and Defendant's Letter of Concern makes it clear that JFTI terminated PO 309975 at Defendant's direction. ECF # 1- 10.

Furthermore, Defendant is evidently aware of the centrality of breach of the PO by it and JFTI to Defendant's culpability for copyright infringement. Defendant admits that "[a] large portion of the FAC addresses JET's contractual relationship with JFTI and the

4

circumstances surrounding JFTI's refusal to pay JET after the Navy rejected the ALF software." Def. Mot. at 13. However, as shown *supra*, Defendant's failure to define accurately "the ALF software" is deceptive. Since Plaintiff satisfied its obligations under the contract *to the letter* by timely delivering Baseline ALF Software directly to PMA-209 on or about September 9, 2022 and yet "the Navy rejected the ALF software," all Defendant's copying of ALF software was unauthorized.

Moreover, since Purchase Order 309975 clearly and unequivocally defines the entire scope of the PO as "Baseline ALF Software," ECF # 1-5, Defendant's right to test or evaluate never extended to items that were not in the Purchase Order, such as ALF Software Development Kit ("SDK") and ALF CORE, both of which are mentioned in Defendant's Letter of Concern. JET does not dispute Defendant's procedural right to test or evaluate under the ST&C, but none of that absolves the Government from complying with the substantive terms of the Purchase Order.

Nowhere in its Motion does Defendant describe precisely what Defendant tested or evaluated – and as demonstrated *supra*, Defendant has been deceptive by failing to describe or define the ALF software that was the subject of PO 309975. However, as revealed in the Letter of Concern, ECF # 1-10, evidently JFTI and the Government inspected and evaluated JET's delivery under P.O. 309975, and found that ALF CORE and ALF SDK were not included. *Id.* But as shown *supra*, ALF CORE and ALF SDK were intentionally and explicitly *not* included in P.O. 309975. Any testing or evaluation related to ALF CORE and ALF SDK is irrelevant to PO 309975.

An honest recitation of the facts, especially when augmented by Defendant's admission that Plaintiff has pleaded copying with particularity, makes it clear that Plaintiff

JET Systems has pleaded copyright infringement with sufficient particularity to avoid dismissal under FRCP 12(b)(6). Neither is a more definite statement under RCFC 12(e) necessary.

## II.     CONCLUSION

For the foregoing reasons, JET requests that the Court deny Defendant's Motion in its entirety. A proposed Order is submitted herewith.

Respectfully submitted,

    JET Systems, LLC

    By its attorneys,

January 6, 2025     /s/ Richard S. Toikka
Richard S. Toikka
Counsel of Record
WILT TOIKKA KRAFT, LLP
1629 K Street, NW, Suite 300
Washington, DC 20006
202-508-3648 (phone)
202-521-9803 (fax)
240-888-8110 (mobile)
rtoikka@wtk-law.com (email)

Russell O. Paige
Of Counsel
WILT TOIKKA KRAFT, LLP
1629 K Street, NW, Suite 300
Washington, DC 20006
202-508-3648 (office)
202-521-9803 (fax)
703-609-0771 (moblle)
rpaige@wtk-law.com (email)

Counsel for Plaintiff JET Systems, LLC

## CERTIFICATE OF SERVICE

I, Richard S. Toikka, hereby certify that on the 6th day of January, 2025, I filed the foregoing Opposition Memorandum with the Court, and I am informed and believe that it was transmitted through the Court's ECF system to all counsel of record.

/S/ Richard S. Toikka
Richard S. Toikka