IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JET SYSTEMS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES <br><br> Defendant. | No. 24-1166 C <br> Judge Robin M. Meriweather |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR, IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT**

Of Counsel:
PHILIP CHARLES STERNHELL
U.S. Department of Justice

Dated: January 13, 2025

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

SCOTT BOLDEN
Director

CARRIE E. ROSATO
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

*Counsel for the United States of America*

## I. INTRODUCTION

Plaintiff JET Systems, LLC (JET) not only fails to meaningfully engage with the issues raised in Defendant the United States' (the Government) Motion to Dismiss (Government's Motion), but it strengthens the Government's argument that the First Amended Complaint (FAC) should be dismissed. JET's Opposition to the Government's Motion (JET's Opposition) does not establish it was an LLC in good standing with the state of Maryland at the time it brought suit against the Government, and JET has thus not met its burden on the jurisdictional issue of standing. Additionally, JET fails to demonstrate that the FAC provides notice to the Government as to what it must defend. Rather, JET's response to the Government's Motion emphasizes the inadequacy of the FAC; namely, that the FAC does not describe what ALF-related materials, whether software or documentation, are protected by the asserted copyright and therefore what copyrighted materials the Government allegedly used or copied without authorization. JET's FAC should be dismissed.

## II. ARGUMENT

### A. Jet Has Not Demonstrated Standing at the Time It Filed Suit.

To have standing, and thus, for the Court to have jurisdiction over JET's claim, JET must have had standing <u>at the time the complaint was filed.</u> *See NeuroGrafix v. United States*, 111 Fed. Cl. 501, 504 (2013) (discussing standing for 28 U.S.C. § 1498(a)). While JET's Opposition provides a declaration and supporting documents claiming the cancellation of JET's LLC was in error, that is not sufficient to meet JET's burden of establishing standing. *See Mynette Techs., Inc. v. United States*, 139 Fed. Cl. 336, 342 (2018). Both JET's Opposition and the declaration of its CEO, Scotty Jaster, claim "JET <u>has been restored</u> to its former status as an LLC in good standing." ECF 17-1 at 3 (Jaster declaration) (emphasis added); ECF 17 at 1 ("JET's status <u>has been restored</u> to what it was before the erroneous filing.") (emphasis added). The Maryland Department of Assessments and Taxation website lists JET's status as "revived." Ex. A. While JET's status as

an LLC in good standing with the state of Maryland has been "revived," JET's Opposition does not assert that JET was an LLC in good standing at the time it brought suit against the Government. *Gould, Inc. v. A & M Battery & Tire Serv.*, No. 3 CV-91-1714, 1996 U.S. Dist. LEXIS 12160, at *27 (M.D. Pa. Apr. 17, 1996) (explaining a dissolved Maryland corporation lacks the power to sue) (citations omitted). Not only does JET's Opposition fail to demonstrate whether JET was an LLC in good standing at the time suit was filed, it also fails to address whether JET owned the asserted copyright at the time suit was filed, as required when bringing a claim under 28 U.S.C. § 1498(b). *See, e.g.*, *Bruhn Newtech v. United States*, 129 Fed. Cl. 656, 669 (2016). JET has not met its burden to prove standing and the FAC should be dismissed.

### B. JET'S Opposition Only Strengthens the Government's Argument that the FAC Is Not Pleaded with Sufficient Particularity.

The Government's Motion asserted that the FAC "fails to provide supporting facts sufficient to plead unauthorized use or copying of the asserted Copyright by or on behalf of the Government," ECF 16 at 11, and JET's Opposition does not meaningfully respond to the Government's argument. Instead, JET further demonstrates the deficiencies in the FAC by raising additional questions regarding what ALF-related materials are actually covered by the asserted copyright. JET's claim that "Defendant concedes that copying of ALF software is pleaded with particularity," ECF 17 at 4, misses the point. Authorized copying is not copyright infringement under 28 U.S.C. § 1498(b). JET's failure to plead unauthorized use or copying with particularity warrants dismissal.

JET's Opposition does, however, clarify that certain Government activity is not accused of copyright infringement. Because JET does not address the Government's argument that the FAC does not plead with particularity Government copying or use unrelated to the testing activities, ECF 16 at 11–12, the Government understands this to mean that JET is bringing no such claim

2

related to Government activity outside of the testing period. Similarly, JET does not address the Government's argument that the FAC does not plead with particularity Government liability for acts of its contractors.[1] ECF 16 at 12–13. The Government further understands this to mean JET is not bringing a claim related to contractor activity performed with the Government's authorization and consent. All that remains are JET's allegations relating to <u>authorized</u> use by the Government in connection with evaluation, which cannot form a basis for an infringement claim.

With respect to those allegations, JET's Opposition asserts for the first time that the Government's right to test the ALF software under the Purchase Order's (PO) Standard Term's and Conditions (STAC) "were rendered null and void when JFTI breached the contract." ECF 17 at 4. JET's argument strains credulity: a right to evaluate and reject software—which JET agrees it is bound to—would be no right at all if conditioned on full payment for the software to be evaluated. But in any event, a claim related to an alleged breach by JFTI is a contract dispute not at issue in this case because the Government is not a party to the PO.[2] To the extent JET believes resolution of that claim has relevance to its copyright claim against the Government, this case should be stayed pending resolution in the Maryland case.

JET's Opposition provides additional support for the Government's position that the FAC is not sufficiently pleaded with particularity. As explained in the Government's Motion, the FAC does not describe what constitutes the copyright-protected work. ECF 16 at 12. JET's focus on when the "Baseline ALF Software" was delivered and whether subsequent deliveries were included in the "Baseline ALF Software" has no bearing on the issue at hand. *Id.* at 2–4. Nor does

---

[1] In particular, JET accused the Government of making the ALF software available to "other parties," ECF 16 at 12-13, and JET's Opposition does not address this significant flaw in the FAC.

[2] JET brought a breach of contract claim against JFTI in the District of Maryland. *JET Systems, LLC v. J.F. Taylor, Inc.*, Case No. 24-cv-01628-DKC.

JET's discussion of what constitutes "Baseline ALF Software." *Id.* at 4–6. The question is whether the Government, without authorization, used or copied material protected by the asserted copyright, which is titled "Adaptive Layer Framework." *See* ECF 15 at ¶ 28. JET did not include the software copyright registration or the material deposited with the copyright registration as exhibits to the original complaint or the FAC. *See* ECF 1; ECF 15. The FAC makes no attempt to tie the asserted copyright to "Baseline ALF Software" or any of the subsequent deliveries JET claims are not part of "Baseline ALF Software." The confusion surrounding what ALF-related materials were delivered and what, if any, portion of those materials are protected by the asserted copyright highlights how the Government is left to guess at the scope of the copyright and what activity is being accused of infringement. *Power Density Sols. L.L.C. v. United States*, 159 Fed. Cl. 208, 218 (2022) (citation omitted) (explaining "a complaint must be facially plausible and must place the alleged infringer on notice of what activity is being accused of infringement").

JET faults the Government for failing to "define[] the ALF software" and for being "misleading" and "deceptive." ECF 17 at 2, 5. But it is not the Government's burden to "define" what constitutes <u>JET's</u> software, and more importantly, what software or related materials are protected by the asserted copyright. This is necessary information that is missing from the FAC. While JET insists the PO "clearly and unequivocally defines the entire scope of the PO as 'Baseline ALF Software,'" *id.*, that does not clarify what, if any, of what JET considers "Baseline ALF Software" is protected by the asserted copyright. JET's assertion that the first delivery contained "a copy of its source code and documentation," ECF 17 at 2, offers no further insight. Without explanation of what materials are protected by the asserted copyright, the FAC does not give rise to a cognizable claim of copyright infringement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Indian Harbor Ins. Co. v. United States*, 704 F.3d 949, 954 (Fed. Cir. 2013) (citation omitted).

Attorney argument raised for the first time in JET's Opposition does not overcome its pleading failures. JET does not dispute that there were multiple deliveries made to the Navy containing materials related to the ALF software.[3] JET's Opposition claims for the first time that the Government's right to test ALF-related materials under the PO "never extended to items that were not in the Purchase Order, such as ALF Software Development Kit ("SDK") and ALF CORE." ECF 17 at 5. But nowhere does the FAC assert that the PO's STAC did not apply to ALF SDK and ALF CORE, which JET willingly provided to the Government. More importantly, the FAC does not allege that ALF SDK and ALF CORE are protected by the asserted copyright. JET acknowledges that the PO is the only agreement between JET and JFTI, ECF 15 at ¶ 19, and the FAC makes no claim of a contract between JET and the Government. JET's argument that it willingly provided ALF-related materials outside of any contractual obligation such that the PO's STAC conveniently do not apply to those ALF-related materials again strains credulity. JET's attempt to now assert for the first time that the Government did not have the right to test a portion of the delivered materials should be disregarded.

JET's attempt to muddy the waters with arguments not raised in the FAC belies its "hope that discovery will reveal the evidence they need to support their claim," which is insufficient to overcome the Government's Motion as that would make discovery "little more than a fishing expedition, which the Court cannot allow." *Irwin Cnty. v. United States*, 170 Fed. Cl. 355, 373 (2024). JET's FAC fails to place the Government "on notice of what activity is being accused of infringement" and should be dismissed. *Power Density Sols. L.L.C.*, 159 Fed. Cl. at 218.

---

[3] Nor does JET dispute that the discs containing the delivered ALF-related materials were returned to JET when the software was rejected after the authorized testing.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this civil action be dismissed with prejudice under Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC) for lack or standing or under RCFC 12(b)(6) for failure to state a claim.  In the alternative, the Government requests that JET be ordered to provide a more definite statement under RCFC 12(e).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

SCOTT BOLDEN
Director

Of Counsel:

PHILIP CHARLES STERNHELL
 Department of Justice

January 13, 2025

 s/ *Carrie Rosato*
CARRIE ROSATO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email:  carrie.e.rosato@usdoj.gov
Telephone:  (202) 307-0415
Facsimile:   (202) 307-0345

*Counsel for the United States*